Shengwan QUAN, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 04–71224.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 13, 2004.

Charles J. Kinnunen, Esq., Hagatna, GU, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Virginia Lum, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Office of the District Director, Hagatna, GU, for Respondent.

Before: GOODWIN, ALARCÓN, and TROTT, Circuit Judges.

MEMORANDUM **

Shengwan Quan, a native and citizen of People's Republic of China, petitions for review of the Board of Immigration Appeals' (BIA) denial of his application for asylum and withholding of removal.

A petitioner seeking asylum must show that he is unwilling to return to his country of origin because of past persecution or a well-founded subjectively and objectively reasonable fear of future persecution on account of his race, religion, nationality, membership in a social group, or political opinion. See Kebede v. Ashcroft, 366 F.3d 808, 811 (9th Cir.2004); Melkonian v. Ashcroft, 320 F.3d 1061, 1064–65 (9th Cir. 2003); Fisher v. INS, 79 F.3d 955, 960 (9th Cir.1996) (en banc). The withholding standard is more stringent. See Ghaly v. INS, 58 F.3d 1425, 1428–29 (9th Cir.1995).

The BIA's determination that an alien is not eligible for asylum must be upheld if " 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.' " INS v. Elias–Zacarias, 502 U.S. 478, 481, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992) (citation omitted). "It can be reversed only if the evidence presented ... was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." Id. When an alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Id. at 483–84, 112 S.Ct. at 817; see also Ghaly, 58 F.3d at 1429.

While credibility determinations are judged by the same deferential substantial evidence standard, see Kebede, 366 F.3d at 810–11; Gui v. INS, 280 F.3d 1217, 1225 (9th Cir.2002); Cordon–Garcia v. INS, 204 F.3d 985, 990 (9th Cir.2000); de Leon–Barrios v. INS, 116 F.3d 391, 393 (9th Cir.1997), those determinations " 'must be supported by a specific, cogent reason.' " de Leon–Barrios, 116 F.3d at 393 (citation omitted); see also Gui, 280 F.3d at 1225.

By pointing to discrepancies that went to the heart of Quan's claims, the Immi-

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

gration Judge provided specific, cogent reasons that were supported by substantial evidence of and had a legitimate nexus to the determination that Quan was not credible. *See Gui,* 280 F.3d at 1225; *de Leon–Barrios,* 116 F.3d at 393–94. A reasonable factfinder would not be compelled to find the contrary.

In any event, whether or not Quan was credible, a reasonable factfinder would not be compelled to conclude that he had suffered past persecution or had a well-founded fear of future persecution, as required to sustain his asylum or withholding claims. *See Fisher,* 79 F.3d at 961–62; *Prasad v. INS,* 47 F.3d 336, 340 (9th Cir. 1995); *see also de Leon–Barrios,* 116 F.3d at 393; *Ghaly,* 58 F.3d at 1429.

Petition DENIED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.